UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RONNIE W. DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 09-11-DCR |
| | ) | |
| vs. | ) | |
| | ) | |
| LADONNA H. THOMPSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff Ronnie W. Daniels ("Daniels"), an inmate being held at the Union Correctional Institution in Railford, Florida, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and has paid the applicable filing fee. [Record No. 2] The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Daniels is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action: (1) is frivolous or malicious, or (2) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

Daniels alleges that, following his conviction for state crimes in Kentucky, he was transferred into the custody of the Florida Department of Corrections to serve his Kentucky

-1-

sentence of life in prison pursuant to an agreement between the two states under the Interstate Corrections Compact ("ICC"). Daniels contends that Section 14 of the ICC requires Florida to compensate him for work he performs while in prison on the same terms as other Florida inmates, namely through the award of Florida "gain time" credits, which reduce the time that must be served under a sentence imposed by a Florida court. Because such credits have no application to a sentence imposed under Kentucky law, Daniels argues that Section 14 violates his right to equal protection under the law. Daniels seeks to compel the Defendant, Kentucky Department of Corrections ("KDOC") Commissioner Thompson, to compensate him for his work in the same fashion that Kentucky compensates inmates in Kentucky facilities: through prison wages. As a result, he seeks $7,113.60 in back wages.

Daniels indicates that he attempted to resolve this matter administratively by sending grievance forms through the mail to KDOC in January 2009, but that he has received no response. Through prior litigation in Florida state and federal courts, Daniels previously asserted claims that were factually-related but legally distinct from those raised in his current Complaint. *Daniels v. Moore*, 02-53-CA, 14th Cir. Ct. for Calhoun Co., Fla. (dismissed as moot on August 9, 2002); *Daniels v. Crosby*, 1202-3645 (denied on November 10, 2004); *Daniels v. McDonough*, 05-cv-171, Northern District of Florida, *appeal dismissed*, Eleventh Circuit Court of Appeals, 06-14625.

As a threshold matter, Daniels' suit against Thompson in her official capacity as the Commissioner of the KDOC is barred by sovereign immunity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (claim for retroactive monetary reimbursement asserted against state officials

in their official capacities constitutes a suit for monetary damages against the state and is barred by sovereign immunity). Daniels' equal protection claim also fails as a matter of law. Numerous courts have considered and rejected functionally identical claims by prisoners transferred under the ICC on equal protection grounds. An inmate transferred to another state pursuant to the ICC is considered similarly-situated to inmates in the *receiving* state for purposes of conducting an equal protection analysis. *Stewart v. McManus*, 924 F.2d 138, 142 (8th Cir. 1991); *Tucker v. Angelone*, 954 F.Supp. 134, 136 (E .D. Va.1997). Daniels' claim, however, is predicated on the fact that he is being treated differently than prisoners incarcerated in Kentucky.

Because Daniels is not similarly-situated to such prisoners, his equal protection claim fails as a matter of law. *See Smith v. Warden*, 2006 WL 1425063, **7-8 (D.N.H. 2006) (holding that denial of prison wages available to prisoners in ICC sending state cannot form the basis of an equal protection claim); *Bird v. Young*, 2008 WL 2852047, **1 (W.D.Va. 2008) ("The Constitution simply does not require that all inmates convicted in Wyoming be housed under precisely the same conditions regardless of their place of confinement."); *Leslie v. Wisconsin Dept. of Corr.*, 2000 WL 689185, *3 (7th Cir. 2000). And to the extent Daniels' Complaint seeks damages for his inability to receive Florida gain time credits, it must be dismissed as seeking relief only available through habeas proceedings. *Halpin v. Simmons*, 2002 WL 700936 (10th Cir. 2002) (affirming dismissal of ICC prisoner's civil rights action challenging refusal of Florida officials to award gain time credits).

Accordingly, it is hereby **ORDERED** that Daniels' Complaint [Record No. 2] is **DISMISSED**, with prejudice, and stricken from the Court's docket.

This 7th day of April, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge